TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 96-508 |
| of | : | |
| | : | April 25, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE JAMES P. FOX, DISTRICT ATTORNEY, SAN MATEO COUNTY, has requested an opinion on the following question:

May a person place a bet by telephone in California to a location where such bet would be legal?

CONCLUSION

A person may not place a bet by telephone in California to a location where such bet would be legal.

ANALYSIS

This request for our opinion involves a scheme described as "English Sports Betting." California residents are solicited to open a betting account with an organization based in Jamaica where betting is legal. Bets may be placed on all types of contests, such as horseracing, sports events, and election results, through use of an "800" telephone number.

We are asked whether using a telephone in California to place a bet with a bookmaker in another jurisdiction where gambling is legal would contravene state law. **Footnote No. 1** We conclude that placing the bet by telephone in California would be illegal.

Lotteries and other forms of gambling are generally prohibited under the terms of Penal Code sections 319-337.9. **Footnote No. 2** Relevant to the issue presented herein is section 337a, which provides:

"Every person,

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"3.   Who, whether for gain, hire, reward, or gratuitously, or otherwise, receives, holds, or forwards, or purports or pretends to receive, hold, or forward, in any manner whatsoever, any money, thing, or consideration of value, or the equivalent or memorandum thereof, staked, pledged, bet or wagered, or offered for the purpose of being staked, pledged, bet or wagered, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus, or upon the result, or purported result, of any lot, chance, casualty, unknown or contingent event whatsoever; or

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"6.   Who lays, makes, offers or accepts any bet or bets, or wager or wagers, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus, is punishable by imprisonment in the county jail for a period of not more than one year or in the state prison.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

It is evident that section 337a prohibits the placing of bets by anyone in California on any of the enumerated contests or events. The statute contains no exceptions for bets received or accepted in another jurisdiction where betting is legal.

Under California law, gambling activities are illegal in this state even though they are performed in connection with activities in another state or country where gambling is legal. In *Finster* v. *Keller* (1971) 18 Cal.App.3d 836, 849, for example, the court ruled that defendants could be charged with aiding and abetting a lottery in violation of section 322, even though the lottery was being conducted in Mexico where such gambling was legal. In *People* v. *Jones* (1964) 228 Cal.App.2d 74, the defendants were charged with organizing a lottery in violation of section 320, even though the actual drawing of the lottery was to be in Nevada, where it would have been legal. The court concluded that the lottery scheme was illegal under California law "although the operation of the lottery and the actual drawing pursuant thereto are to take place in another state." (*Id*., at p. 92.) **Footnote No. 3**

Moreover, we note the general provisions of section 27:

"(a)   The following persons are liable to punishment under the laws of this state.

"1.   All persons who commit, in whole or in part, any crime within this state;

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

In *People* v. *Chase* (1931) 117 Cal.App.Supp. 775, 780-781, the court upheld the application of section 27 to defendants who, while in California, invited people to visit a gambling ship, the Johanna Smith, anchored off the coast:

". . . . Section 27 provides, in part: `The following persons are liable to punishment under the laws of this state: 1.  All persons who commit, in whole or in part, any crime within this state.' Even if the `Johanna Smith' was on the high seas, yet if the invitation was given in this state, the offense may be prosecuted here, under this section [citations]; and it matters not, to this conclusion, that there may be no law on the high seas by which the transaction in question is made a crime. [Citations.] . . ."

Accordingly, we conclude that a person may not place a bet by telephone in California to a location where such bet would be legal.

* * * * *

\* \* \* \* \*

---

**Footnote No. 1**

We were also asked whether betting through use of the Internet would be illegal. Because this issue is pending in current litigation, we will refrain from responding to this inquiry. (See 66 Ops.Cal.Atty.Gen. Foreword (1983).)

**Footnote No. 2**

All references hereafter to the Penal Code are by section number only.

**Footnote No. 3**

In *Advance Delivery Service, Inc.* v. *Gates* (1986) 183 Cal.App.3d 967, the court recently applied these same legal principles in finding a violation of section 337a, where defendants picked up bets for a third party and placed the bets at a racetrack where such betting was legal.